Fred B. Burnside (SBN: 211089)
Bruce E.H. Johnson (SBN: 159927)
Ambika K. Doran (pro hac vice)
MaryAnn Almeida (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206.622.3150
Email: fredburnside@dwt.com
brucejohnson@dwt.com
ambikadoran@dwt.com
maryannalmeida@dwt.com

Sanjay M. Nangia (SBN: 264986)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: 415.276.6500
Email: sanjaynangia@dwt.com

*Counsel for Defendants Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, MWCP LLC, and Carson Block*

Daniel Solitro (SBN: 243908)
LOCKE LORD LLP
*dsolitro@lockelord.com*
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213.485.1500

David F. Standa (pro hac vice)
*dstanda@lockelord.com*
LOCKE LORD LLP
111 S. Wacker Dr.
Chicago, IL 60606
Telephone: 312.443.1748

*Counsel for Defendants James Gibson, Castalian Partners, LLC, and Castalian Partners Value Fund, LP*

Marc R. Lewis (SBN: 233306)
Evangeline A.Z. Burbidge (SBN: 266966)
Bradley E. Estes (SBN: 298766)
LEWIS & LLEWELLYN LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.762.0908
Email: mlewis@lewisllewellyn.com
eburbidge@lewisllewellyn.com
bestes@lewisllewellyn.com

*Counsel for Defendants David Q. Mathews, Gary R. Mathews, Kalyn M. Denno, Adam J. Denno, Keith Allen Dilling, Rosemary Norris Hall, and QKM, LLC*

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---

Defendants' Motion for Sanctions
Case No. 3:19-cv-04248-MMC

| | |
|---|---|
| STEVEN A. SUGARMAN, COR CAPITAL, LLC, COR ADVISORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MUDDY WATERS CAPITAL, LLC, JASON GALANIS, CASTALIAN PARTNERS, LLC. CARSON BLOCK, JAMES GIBSON, DAVID Q. MATTHEWS, GARY ROBERT MATTHEWS, KALYN MATTHEWS DENNO, ADAM J. DENNO, KEITH ALLEN DILLING, ROSEMARY NORRIS HALL, RYAN KEALY, NIKOLAI BJORKEDAL, CASTALIAN PARTNERS VALUE FUND, LP, QKM, LLC, MUDDY WATERS RESEARCH LLC, MLAF LP, MWCP LLC, JOHN DOES 1-30,<br><br>Defendants. | Case No. 3:19-cv-04248-MMC<br><br>**DEFENDANTS MUDDY WATERS CAPITAL, LLC, MUDDY WATERS RESEARCH LLC, MLAF LP, MWCP LLC, JAMES GIBSON, CASTALIAN PARTNERS, LLC, CASTALIAN PARTNERS VALUE FUND, LP, DAVID Q. MATHEWS, GARY ROBERT MATHEWS, KALYN MATHEWS DENNO, ADAM J. DENNO, KEITH ALLEN DILLING, ROSEMARY NORRIS HALL, QKM, LLC, AND CARSON BLOCK'S MOTION TO FOR SANCTIONS AGAINST ANDERSON KILL L.L.P.; MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2020, in the courtroom of the Honorable Maxine M. Chesney of the above-entitled United States District Court, located at San Francisco Courthouse, Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, MWCP LLC, Carson Block ("Muddy Waters"); Castalian Partners, LLC, James Gibson, and Castalian Partners Value Fund, LP ("Castalian"); and QKM, LLC ("QKM"), David Q. Mathews, Gary R. Mathews, Kalyn M. Denno, Adam J. Denno, Keith Allen Dilling, and Rosemary Norris Hall (collectively, "Mathews Defendants"), will move this Court for sanctions against Plaintiffs' counsel.

The Court should enter sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and its own inherent authority because numerous allegations in the First Amended Complaint ("FAC") are demonstrably and obviously false, and it is clear that counsel for Plaintiffs failed to conduct a reasonable investigation into the allegations before signing and filing the FAC.

This Motion is based on the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Thomas Mazzucco; the pleadings, files, and records in this action; and such other arguments as the Court may receive at the hearing on this Motion.

DAVIS WRIGHT TREMAINE LLP, LOCKE LORD LLP, and LEWIS & LLEWELLYN LP

DATED: June 17, 2020

Respectfully submitted,

| LEWIS & LLEWELLYN LLP | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By   */s/ Bradley E. Estes*<br>Marc R. Lewis (SBN: 233306)<br>Evangeline A.Z. Burbidge (SBN: 266966)<br>Bradley E. Estes (SBN: 298766)<br><br>*Attorneys for David Q. Mathews, Gary R. Mathews, Kalyn M. Denno, Adam J. Denno, Keith Allen Dilling, Rosemary Norris Hall, and QKM, LLC* | By  */s/Ambika K. Doran*<br>Fred B. Burnside (SBN: 211089)<br>Bruce E.H. Johnson (SBN: 159927)<br>Ambika K. Doran (pro hac vice)<br>Sanjay M. Nangia (SBN: 264986)<br>MaryAnn Almeida (pro hac vice)<br><br>*Attorneys for Defendants Carson Block, Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, and MWCP LLC* |

LOCKE LORD LLP

By   */s/David Standa*
David Standa (pro hac vice)
Daniel Solitro (SBN: 243908)
LOCKE LORD LLP

*Attorneys for Defendants Castalian Partners, LLC, Castalian Partners Value Fund, LP, and James Gibson*

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS & AUTHORITIES ...................................................................... 1

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. ARGUMENT ........................................................................................................................ 4

    A. The Court May Impose Sanctions Under Rule 11, 28 U.S.C. § 1927, and Its Inherent Authority. ................................................................................................. 4

    B. The First Amended Complaint Demonstrates a Failure To Conduct a Reasonable Investigation Into Its Allegations. ................................................... 6

IV. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*B.K.B. v. Maui Police Dep't*,
  276 F.3d 1091 (9th Cir. 2002) .................................................................................................6

*Cardona v. Banc of Cal. Inc.*,
  No. 2:17-cv-00621-CJC-DFMx (C.D. Cal. Jan. 26, 2017) ......................................................3

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ...................................................................................................................6

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .............................................................................................4, 5

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ...................................................................................................6

*Gordon v. Bennett*,
  No. 8:19-cv-00621-AG-DFMx, Dkt. 57 (C.D. Cal. Apr. 2, 2019) ..........................................3

*Hendrix v. Naphtal*,
  971 F.2d 398 (9th Cir. 1992) ...................................................................................................5

*Hubbard v. Plaza Bonita, L.P.*,
  2011 WL 2433086 (S.D. Cal. June 13, 2011), *objections overruled* 2011 WL
  5975378 (S.D. Cal. Nov. 29, 2011) and *aff'd*, 630 Fed. Appx. 681 (9th Cir.
  2015) ........................................................................................................................................6

*In re Banc of Cal. Sec. Litig.*,
  326 F.R.D. 640 (C.D. Cal. May 31, 2018), *leave to appeal denied sub nom.
  Garcia v. Banc of Cal.*, 2018 WL 4474393 (9th Cir. Sept. 19, 2018) .....................................2

*In re Keegan Mgmt. Co., Sec. Litig.*,
  78 F.3d 431 (9th Cir. 1996) .....................................................................................................6

*Ins. Ben. Administrators, Inc. v. Martin*,
  871 F.2d 1354 (7th Cir. 1989) .................................................................................................5

*Johnston v. Sznewajs*,
  No. 8:19-cv-01152-AG-DFMx (C.D. Cal. June 10, 2019) ......................................................3

*Lloyd v. Schlag*,
  884 F.2d 409 (9th Cir. 1989) ...................................................................................................5

*Mike Ousley Prods., Inc. v. WJBF-TV*,
  952 F.2d 380 (11th Cir. 1992) .................................................................................................5

*Molski v. Evergreen Dynasty Corp.*
    500 F.3d 1047 (9th Cir. 2007) ........................................................................................ 6, 9

*Ryan v. Clemente*,
    901 F.2d 177 (1st Cir. 1990) (Breyer, J.) ........................................................................... 5

*Witmer v. Sugarman*,
    No. 2:19-cv-05488-AG-DFMx (C.D. Cal. June 24, 2019) ................................................. 3, 4

**State Cases**

*Salas v. Banc of Cal.*,
    No. BC672208 (L.A. Super. Ct. Aug. 11, 2017) ................................................................... 3

*Seabold v. Banc of Cal.*,
    No. BC674694 (L.A. Super. Ct. Sept. 5, 2017) ..................................................................... 3

*Sugarman v. Bennett*,
    No. 19STCV36697 (L.A. Super. Ct. Oct. 15, 2019) ............................................................ 3

**Federal Rules**

Federal Rule of Civil Procedure 11 ................................................................................ 2, 4, 5, 9

Federal Rule of Civil Procedure Rule 12(b)(6) ........................................................................... 3

**Federal Statutes**

28 U.S.C. § 1927 ............................................................................................................... *passim*

Racketeering Induced Corrupt Organizations Act ............................................................. *passim*

Unfair Competition Law ............................................................................................................. 3

**Other Authorities**

https://seekingalpha.com/article/4015081-barry-minkow-jason-galanis-just-when-
    i-thought-i-bofi-figured-out ............................................................................................... 8

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This Court has already held that Plaintiffs Steven Sugarman, COR Capital, LLC, and COR Advisors, LLC failed to state a claim for violation of the Racketeering Induced Corrupt Organizations Act ("RICO") because they failed to adequately explain the role of each Moving Defendant[1] in the alleged conspiracy to destroy Sugarman's reputation. To avoid dismissal of their First Amended Complaint ("FAC"), Plaintiffs have made up facts that are not only unsupported, but contradicted by, evidence to which their counsel did or should have had access.

First, Plaintiffs repeat their allegation that Defendant Jason Galanis provided Moving Defendants information about Sugarman for the first allegedly unlawful post. He did not. Indeed, the Galanis deposition transcript, on which Plaintiffs rely, shows the opposite, i.e., Galanis had never heard of Moving Defendants (other than hearing of one Moving Defendant in the press) and did not attempt to contact Aurelius until *after* the first post. Moving Defendants noted this in their reply in support of their motion to dismiss the original complaint, yet Plaintiffs *still* make this demonstrably false allegation in the FAC.

Second, Plaintiffs assert that Galanis paid his attorney, Thomas Mazzucco, to provide Moving Defendants information before the first blog post. Had Plaintiffs bothered calling Mazzucco, as Moving Defendants did, they would have discovered this was false. Mazzucco Declaration ¶ 5. Again, Plaintiffs' reliance on the Galanis deposition transcript is misplaced: Although Galanis testified to providing information to an attorney to give to Aurelius, he did not remember the attorney's name and did not claim to pass along the information until *after* the first blog post, making the allegation demonstrably false. In fact, Mazzucco had never been in contact with any Moving Defendants before providing the declaration for this motion.

---

[1] Moving Defendants Carson Block and the companies he founded and manages, Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, and MWCP LLC; James Gibson, one company he manages, Castalian Partners, and one company in which he is an officer, Castalian Value Fund; and David Q. Mathews, who manages defendant QKM, LLC, which is an investment advisor that caused trades to be made for defendant investors Gary Robert Mathews, Kalyn Mathews Denno, Adam J. Denno, Keith Allen Dilling, and Rosemary Norris Hall.

1
Defendants' Motion for Sanctions
Case No. 3:19-cv-04248-MMC

Finally, Plaintiffs allege several facts that directly contradict their own evidence. For example, Plaintiffs claim that an SEC letter vindicated Sugarman, but the letter, attached to the FAC, specifically disclaims clearing Sugarman of wrongdoing.

From these (and other) errors, it is plain that Plaintiffs' counsel did not make an "inquiry reasonable under the circumstances," as Rule 11 requires. Fed. R. Civ. P. 11(b), (b)(3). Moving Defendants have followed the pre-filing requirements of Rule 11, and Plaintiffs have refused to withdraw the offending pleading. Moving Defendants ask the Court to impose sanctions, whether under Rule 11, 28 U.S.C. § 1927, or the Court's inherent authority, including, at a minimum, awarding Moving Defendants their fees incurred on this Motion and responding to the FAC.

## II. BACKGROUND

Plaintiff Steven Sugarman is a former Chairman of the Board, President, and CEO of the Banc of California ("Banc"), a publicly traded company. Compl. (Dkt. 1) ¶ 4. He manages and owns, along with his wife, COR Capital, LLC and COR Advisors, LLC. *Id*. ¶¶ 5-6. Sugarman and the COR entities led Banc's highly publicized recapitalization in November 2010. *Id.* ¶ 8.

On October 18, 2016, a lengthy post on the website seekingalpha.com, written under the pseudonym "Aurelius," opined "BANC's senior-most officers and board members have a broad mosaic of extensive and indisputable ties to Jason Galanis," and "[w]e believe this introduces a significant un-discounted risk that notorious criminals gained control over the $10 Billion taxpayer guaranteed Banc of California." Declaration of Ambika Doran ("Doran Decl.") (Dkt. 76-1) Ex. A at 1, 2. The post described in detail the publicly available documents on which it was based, and disclosed the author was short on Banc stock. *Id.* at 1. On October 20, 2016 and January 26, 2017, Aurelius published two more posts. *See id.* Exs. D & E.

Although an allegedly independent investigation found no wrongdoing, Sugarman thereafter resigned as CEO with a multimillion dollar severance, and several lawsuits ensued. In January 2017, two individuals brought putative class actions against Banc, Sugarman, and others, alleging Sugarman and Banc misled investors by failing to disclose Sugarman's ties to Galanis in Banc's 2015 proxy statement. *In re Banc of Cal. Sec. Litig.*, 326 F.R.D. 640, 644 (C.D. Cal. May 31, 2018), *leave to appeal denied sub nom. Garcia v. Banc of Cal.*, 2018 WL 4474393 (9th Cir.

DAVIS WRIGHT TREMAINE LLP, LOCKE LORD LLP, and LEWIS & LLEWELLYN LP

Sept. 19, 2018). On March 16, 2020, the court approved a final settlement, requiring Banc to pay $19.75 million. No. 8:17-cv-00118-DMG-DFMx, Dkts. 613-14.[2]

Plaintiffs filed this lawsuit on July 24, 2019, alleging Moving Defendants worked with each other and Galanis to publish false, fraudulent, or defamatory statements, asserting claims for defamation, violation of the Unfair Competition Law ("UCL"), conspiracy to violate the UCL, and RICO violations. Compl. ¶¶ 169-229. The Complaint was bereft of facts to suggest any coordination between Moving Defendants, instead lumping them together and making more than *fifty* allegations about their alleged role "upon information and belief," without explaining the basis for the belief. *See, e.g.*, Compl. ¶¶ 10, 12-13, 15, 17, 19, 21-23, 27-28, 30-31, 64, 100, 109, 112, 130, 132, 135-36, 140, 143, 150, 152-53, 156-57, 204, 208. For example, Plaintiffs alleged "upon information and belief" that Moving Defendants and Galanis "formed, or later joined, an association-in-fact called Aurelius … on or about December 2015 or early 2016," *id.* ¶ 41.

On November 7, 2019, Moving Defendants filed a special motion to strike Plaintiffs' state-law claims under the California anti-SLAPP statute and to dismiss the RICO claims under Rule 12(b)(6). Dkt. 76. In response, Plaintiffs provided the Court part of a heavily (and needlessly) redacted transcript of a deposition of Galanis, claiming it shows Galanis provided "[m]uch of the documents and information used to support the claims made in the Aurelius blog posts, including the fraudulent 'Introduction to COR Clearing' document…." Dkt. 84 at 4. In reply, Moving Defendants attached another part of the transcript, in which Galanis testified he "did not have contact with Aurelius until after the publication of the first blog," Standa Decl. (Dkt. 97) Ex. C (Jan. 17-18, 2019 J. Galanis Dep.) at 314:23-315:11. Galanis also testified he had "never heard of" any Moving Defendants—except hearing of Muddy Waters from the news media. *See id.* at 316:21-317:2, 317:9-13, 317:20-318:13.

On February 3, 2020, the Court dismissed the Complaint with leave to amend, granting Moving Defendants' motion to dismiss the RICO claims under Rule 12(b)(6) and declining to

---

[2] Numerous other lawsuits concerning the same facts are pending or have ended. *See, e.g.*, *Gordon v. Bennett*, No. 8:19-cv-00621-AG-DFMx, Dkt. 57 (C.D. Cal. Apr. 2, 2019) (consolidating *Gordon* with *Johnston v. Sznewajs*, No. 8:19-cv-01152-AG-DFMx (C.D. Cal. June 10, 2019); *Witmer v. Sugarman*, No. 2:19-cv-05488-AG-DFMx (C.D. Cal. June 24, 2019)); *Cardona v. Banc of Cal. Inc.*, No. 2:17-cv-00621-CJC-DFMx (C.D. Cal. Jan. 26, 2017); *Salas v. Banc of Cal.*, No. BC672208 (L.A. Super. Ct. Aug. 11, 2017); *Seabold v. Banc of Cal.*, No. BC674694 (L.A. Super. Ct. Sept. 5, 2017); *Sugarman v. Bennett*, No. 19STCV36697 (L.A. Super. Ct. Oct. 15, 2019).

exercise supplemental jurisdiction over the state-law claims. One of the Court's several bases for dismissing the RICO counts was Plaintiffs' failure "to inform each of the Moving Defendants of his, her, or its participation in the making of" the allegedly false statements. Dkt. 102 at 7-10.

On March 6, 2020, Plaintiffs, through the same counsel, filed the FAC. Dkt. 104. The nearly 100-page, 301-paragraph pleading contains allegations that Plaintiffs and their counsel either knew, or should have known, were unsupported or untrue. The FAC also demonstrates counsel's reliance on Sugarman for numerous allegations. *See, e.g.*, FAC ¶ 19 ("An executive… ***told Mr. Sugarman*** that he was personally aware of" certain evidence); *id.* at ¶ 25 ("basis for this allegation" includes "***conversations Mr. Sugarman has had***…"); *id.* at ¶ 44 ("This was based on ***discussion by Mr. Sugarman*** with Bloomberg"); *id.* at ¶ 49 (allegation based on "***Mr. Sugarman's review…***"); *id.* at ¶ 109 (allegation "based upon ***discussions that Mr. Sugarman had***…"); *id.* at ¶ 116 (allegation "based on ***Mr. Sugarman's discussions*** with…"); *id.* at ¶ 117 ("allegation is based upon, e.g., ***discussions which Mr. Sugarman had…***"); *id.* at ¶ 137 ("allegation is based upon . . . ***Mr. Sugarman's review*** of the documents…"); *id.* at ¶ 161 (allegation based on "***Mr. Sugarman's conversations*** with…"); *id.* at ¶ 163 (allegations based on "***communications that Mr. Sugarman had*** with…"); *id.* at ¶ 165 (allegation based on ***Mr. Sugarman's conversations*** with…"); *id.* at ¶ 203 (bases for statements on information belief based on "***Mr. Sugarman's awareness*** of Jane Street's trading activities"); *id.* at ¶ 204 ("***Mr. Sugarman was aware*** of…").

## III. ARGUMENT

### A. The Court May Impose Sanctions Under Rule 11, 28 U.S.C. § 1927, and Its Inherent Authority.

Under Rule 11, an attorney's signature on a pleading certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(a)-(b). An attorney filing a complaint must conduct a "reasonable factual investigation" to ensure the claims are supported. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Sanctions are warranted if (1) "the complaint is legally or factually baseless

from an objective perspective," and (2) the attorneys failed to conduct "a reasonable and competent inquiry before signing and filing [the complaint]." *Id.* (citation & internal quotation marks omitted).

Further, attorneys may not rely on their clients for information, but instead must conduct a reasonable inquiry into information their clients provide. *See, e.g.*, *Lloyd v. Schlag*, 884 F.2d 409, 413 (9th Cir. 1989) (Rule 11 violation based on attorney's "admitted willingness merely to rely on the word of his client, a layperson, as to the legal and factual underpinnings of the case" despite obvious shortcomings in claim); *Hendrix v. Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992) (affirming Rule 11 sanctions where attorney relied on client's "conclusion about his domicile" instead of asking "sufficiently detailed questions about the client's physical presence"); *Ryan v. Clemente*, 901 F.2d 177, 179 (1st Cir. 1990) (Breyer, J.) (affirming sanctions; no reasonable inquiry if attorney failed to ask questions about basis for client's statement that basis for claim "was apparent"). Attorneys also have an obligation to review documentary evidence that may undermine their clients' view of the facts. *Ins. Ben. Administrators, Inc. v. Martin*, 871 F.2d 1354, 1357 (7th Cir. 1989) (affirming sanctions where attorney "relied on [client's] statements for the facts he claims support [employment status] claim," despite "documents, which clearly belie this claim, existed and were available to [attorney] at that time"). Nor can counsel simply rely on a client's secondhand information without independently checking the basis for that information. *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992) (affirming sanction where attorney relied on hearsay from client rather than contacting client's sources).

Where a court finds a Rule 11 violation, it can impose any sanction that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Potential Rule 11 sanctions include the payment to the moving party of "reasonable expenses, including attorney's fees, incurred for the motion," as well as "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(2), (4).

The Court also may impose sanctions related to conduct after filing of the complaint under 28 U.S.C. § 1927, which provides that "[a]ny attorney … who so multiplies the proceedings in any

5

case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* This includes costs arising from the sanctions proceedings themselves. *See Hubbard v. Plaza Bonita, L.P.*, 2011 WL 2433086, at *9 (S.D. Cal. June 13, 2011) (collecting authority), *objections overruled* 2011 WL 5975378 (S.D. Cal. Nov. 29, 2011) and *aff'd*, 630 Fed. Appx. 681 (9th Cir. 2015). Sanctions are proper if an allegation is both "submitted recklessly" and "frivolous," *or* "if it is not frivolous, it must be intended to harass." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Finally, the Court has inherent authority to impose sanctions if it finds an attorney acted "in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation & internal quotation marks omitted). An attorney's reckless filing of frivolous papers justifies sanctions. *See Molski v. Evergreen Dynasty Corp.* 500 F.3d 1047, 1063 (9th Cir. 2007) (grounds for inherent authority sanctions include "filing frivolous papers") (citation & internal quotation marks omitted); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) ("Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002) ("Here, regardless of whether defense counsel's behavior constituted bad faith per se, we readily found that counsel's reckless and knowing conduct was tantamount to bad faith and therefore sanctionable under the court's inherent power." (emphasis omitted)). District courts have broad discretion in fashioning sanctions under their inherent authority. *Molski*, 500 F.3d at 1065 n.8.

### B. The First Amended Complaint Demonstrates a Failure To Conduct a Reasonable Investigation Into Its Allegations.

The Court dismissed Plaintiffs' RICO claims, making it clear that Plaintiffs needed to allege facts regarding each Defendants' involvement in the purported scheme. Lacking knowledge of such facts (as there are none), Plaintiffs assert false facts in the FAC, reflecting, at a minimum, a failure to conduct a reasonable investigation under the circumstances.

First, Plaintiffs *again* rely on the Galanis transcript for the allegation that "[b]etween May 2016 and October 2016, Galanis joined together with [Moving Defendants] to conspire to and to join and conduct the Smear Enterprise through a pattern of racketeering activities that included retaliatory acts, money laundering, witness tampering, fraud, unfair competition and unfair business practices targeting Mr. Sugarman, COR Plaintiffs and Sugarman Entities …." FAC ¶ 85. Other assertions appear to rely on this same allegation. *See, e.g.*, *id.* ¶ 45 (alleging "Defendants knew that the narrative … was being published to achieve their joint goal with Galanis of retaliating against and attempting to intimidate Mr. Sugarman and the COR Plaintiffs"); *id.* ¶ 87 (alleging the "Scheme" "required the Defendants … to conceal the fact that they were publishing knowingly false and materially misleading information gathered by Galanis"); ¶ 89 ("Galanis has admitted that he was the source of the false documents ...."); ¶ 91 ("Galanis used the proceeds of his frauds … to finance the gathering, and transmittal of documents and information to the Smear Enterprise so that they could effectuate the scheme to retaliate against Mr. Sugarman …."); ¶ 120 ("Galanis furnished information contained within the Initial Blog Post and otherwise participated in the drafting or creation of the Initial Blog Post ...."). As Moving Defendants already showed, the Galanis transcript establishes that there was *no* communication between Galanis and any of the Moving Defendants—direct or indirect—before October 18, 2016, when the first post was published. The same transcript establishes that the only Moving Defendant Galanis had ever heard of was Muddy Waters, and that was only through the news. Plaintiffs' decision to pursue this conspiracy theory, even *after* being put on actual notice of Galanis's full testimony, at least demonstrates their counsel's failure to conduct a reasonable investigation.

Second, the FAC asserts that "Galanis also used the proceeds from his illicit activities to pay Thomas Mazzucco to speak with the lawyers for Gibson and Castalian to provide content for their blogs and articles to be used to smear Plaintiffs." *Id.* ¶ 41; *see also id.* ¶ 43 (alleging defendants were "each aware of the provenance of the documents were from Galanis through his agent Thomas Mazzucco"); *id.* ¶ 89 (Galanis "admitted that he contacted his then attorney, who he believes based on the timing was San Francisco attorney Thomas Mazzucco… and he asked this attorney to contact Aurelius"); ¶ 91 (alleging Galanis spent money meant for restitution "to

7

Defendants' Motion for Sanctions
Case No. 3:19-cv-04248-MMC

pay his lawyer to contact Aurelius, communicate with Aurelius and the Aurelius Los Angeles-based attorney, gather the documents and information on Galanis behalf and pass the same to the Aurelius attorney for use by the Smear Enterprise"); ¶ 94 ("Galanis hid his involvement in the Smear Enterprise through 'layering' his interactions through a paid intermediary, Mazzucco."); ¶ 96 ("[O]ther members of the Smear Enterprise knew that the source of the documents and information was … gathered and transmitted to them by Galanis' attorney …."). But Mazzucco was never (before providing his declaration for this motion) in contact with Moving Defendants or their attorneys. *See* Declaration of Thomas Mazzucco. Plaintiffs' counsel would have known this had they simply contacted Mazzucco, but they did not. *Id.* In other words, if they had conducted *any* investigation, let alone a reasonable one, they would have known these allegations were false.

Third, Paragraph 74 of the FAC relies on a letter from the SEC to support Plaintiffs' assertion that Sugarman has been "vindicated" from all claims that he had a business relationship with Galanis. But that letter specifically states it "must in no way be construed as indicating that [Sugarman] has been exonerated or that no action may ultimately result from the [SEC's] investigation." *See* FAC Ex. B.

Fourth, the FAC asserts that "[s]hortly after the Second Blog Post, Aurelius posted an article based on information sourced directly from Galanis also suggesting that Bank of Internet may also have inappropriate Galanis ties." FAC ¶ 139. In support, Plaintiffs cite an article published at https://seekingalpha.com/article/4015081-barry-minkow-jason-galanis-just-when-i-thought-i-bofi-figured-out. But the article itself shows that it was not posted by Aurelius, and instead a Seeking Alpha user named Real Talk Investments authored the article. Plaintiffs do not allege, nor could they, that "Real Talk Investments" has any connection with Moving Defendants.

Fifth, Plaintiffs allege that "[a]ll Defendants read the FBI affidavit prior to approving the Blog post." FAC ¶ 118. There is no way for Plaintiffs to know whether any Moving Defendants read the "FBI affidavit" or approved the blog post (they did neither), and Plaintiffs do not even couch this allegation as being on information and belief. This, too, demonstrates a clear failure to conduct a reasonable investigation.

8

Defendants' Motion for Sanctions
Case No. 3:19-cv-04248-MMC

Finally, Plaintiffs' counsel appears to be relying on their client for numerous, key allegations in the FAC. If counsel did not investigate these basic facts, i.e., by examining the evidence attached to the FAC itself, it is unlikely they investigated these allegations, either. As a matter of law, relying solely on Mr. Sugarman for factual allegations is insufficient.

Numerous facts asserted are demonstrably false. At a minimum, counsel failed to conduct a reasonable investigation. Plaintiffs' reliance on these and numerous other baseless allegations reveals that Plaintiffs' RICO claims are objectively baseless and that these allegations in particular are frivolous. *See Molski*, 500 F.3d at 1061 ("[A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false."). This court should sanction Plaintiffs for the asserting these demonstrably false facts, and because they from the gravamen of all Plaintiffs' claims, dismiss the FAC.

## IV.   CONCLUSION

Moving Defendants respectfully request that this Court, under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and this Court's inherent authority, award Moving Defendants reasonable expenses, including attorneys' fees and costs, incurred in defending the FAC and bringing this Motion.

DATED this 17th day of June, 2020.

| LEWIS & LLEWELLYN LLP | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By   */s/ Bradley E. Estes*  <br>Marc R. Lewis (SBN: 233306)<br>Evangeline A.Z. Burbidge (SBN: 266966)<br>Bradley E. Estes (SBN: 298766) | By  */s/Ambika K. Doran*  <br>Fred B. Burnside (SBN: 211089)<br>Bruce E.H. Johnson (SBN: 159927)<br>Ambika K. Doran (pro hac vice)<br>Sanjay M. Nangia (SBN: 264986)<br>MaryAnn Almeida (pro hac vice) |
| *Attorneys for David Q. Mathews, Gary R. Mathews, Kalyn M. Denno, Adam J. Denno, Keith Allen Dilling, Rosemary Norris Hall, and QKM, LLC* | *Attorneys for Defendants Carson Block, Muddy Waters Capital, LLC, Muddy Waters Research LLC, MLAF LP, and MWCP LLC* |

LOCKE LORD LLP

By   */s/David Standa*  
   David Standa (pro hac vice)
   Daniel Solitro (SBN: 243908)
    LOCKE LORD LLP

*Attorneys for Defendants Castalian Partners, LLC, Castalian Partners Value Fund, LP, and James Gibson*

10

Defendants' Motion for Sanctions
Case No. 3:19-cv-04248-MMC

**ATTESTATION OF CONCURRENCE IN THE FILING**

I, David F. Standa, an ECF user whose ID and password are being used to file this motion, in compliance with N.D. Cal. Civil Local Rule 5-1(i)(3), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of June, 2020, at Long Grove, Illinois.

                                                */s/ David F. Standa*